**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MarcoAntonio Jimenez, | No. CV-09-998-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Julie P. Newell; Christopher T. Whitten; Andrew thomas; Joseph M. Arpaio; State of Arizona, | |
| Defendants. | |

On May 11, 2009, Plaintiff MarcoAntonio Jimenez filed a complaint against Defendants Julie P. Newell, Christopher T. Whitten, Andrew Thomas, Joseph M. Arpaio, and the State of Arizona. Dkt. #1. On July 10, 2009, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"). The Court has the obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Since Plaintiff's complaint fails to state a claim for which relief can be granted, the Court will dismiss the complaint *sua sponte* and grant leave to amend. All pending motions will be denied as moot.

**I.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint

that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**II.    Plaintiff's Complaint.**

Construed liberally, Plaintiff's complaint alleges constitutional violations ("Cruel and Unusual Punishment") and related tort claims ("Wrongful Imprisonment . . . and last but no[t] least Slander of Character"). Dkt. #1 at 1. These claims, Plaintiff contends, arise out of an incident where he "was falsely charged and arrested [for] aggravated assault" on July 2,

2008. *Id.* Plaintiff does not, however, provide any facts from which the Court could reasonably infer official misconduct supporting Plaintiff's allegations. Plaintiff includes no description of how his rights were violated. Nor does he state how any of the Defendants contributed to such violations. He seeks monetary damages of $60,000,000, but never specifies any injury suffered as a result of alleged official wrongdoing.

The only factual assertion included in the complaint states merely that the "[S]tate of Arizona was . . . in violation of Rule 15.1 of Rules of Discovery and Procedures." Dkt. #1 at 1. This discovery violation has presumably been remedied by the Maricopa County Superior Court's pretrial order of August 25, 2008 – included by Plaintiff as an attachment to his complaint – which mandated State production of certain discoverable materials by certain dates. *Id.* at 4. Even considering this factual assertion in the light most favorable to Plaintiff, the Court cannot draw a reasonable inference that any Defendant is liable for cruel and unusual punishment, wrongful imprisonment, or slander of character.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for which relief can be granted under Rule 8. *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Without any facts that "plausibly give rise to an entitlement to relief" (*Id.* at 1950), Plaintiff's complaint fails to state a claim for which relief can be granted.

### III. Leave to Amend and Plaintiff's Obligations.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203 F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file

an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **Friday, September 4, 2009,** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief.") (citing Fed. R. Civ. P. 8(a)(2)). If Plaintiff chooses to file an amended complaint asserting constitutional violations by state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each Defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. *See Jimenez v. State of Arizona*, No. CV-08-0892 (D. Ariz. May 22, 2008) (order dismissing with leave to amend). Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1149.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the

district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice.
2. Plaintiff has until **September 4, 2009,** to file an amended complaint consistent with this order.
3. The Clerk of Court shall **terminate** this action without further notice if Plaintiff fails to file an amended complaint no later than **September 4, 2009**.
4. All pending motions are **denied** as moot (see Dkt. ##4, 13).

DATED this 3rd day of August, 2009.

_____
David G. Campbell
United States District Judge