**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MarcoAntonio Jimenez, | No. CV-09-998-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Julie P. Newell; Christopher T. Whitten; Andrew Thomas; Joseph M. Arpaio; and State of Arizona, | |
| Defendants. | |

On May 11, 2009, Plaintiff MarcoAntonio Jimenez filed a complaint against Defendants Julie Newell, Christopher Whitten, Andrew Thomas, Joseph Arpaio, and the State of Arizona. Dkt. #1. The Court dismissed the complaint without prejudice. Dkt. #14. Plaintiff filed an amended complaint on August 11, 2009. Dkt. #17.

On August 7, 2009, prior to the filing of the amended complaint, Defendants Thomas and Arpaio filed a motion to quash service and a motion for more definite statement. Dkt. #16. The Court will deny the motion for more definite statement as moot given the filing of the amended complaint.

Plaintiff has not filed a response to the motion to quash service as required by the Court's Local Rules of Civil Procedure. *See* LRCiv 7.2(c). The Court previously has advised Plaintiff that he must become familiar with, and follow, both the Federal Rules of Civil Procedure and the Court's Local Rules. Dkt. #14 at 4. Local Rule 7.2 provides that if a defendant files a motion and the plaintiff does not serve and file the required response,

"such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). The Court will give Plaintiff until September 25, 2009 to file a response to the motion to quash service.

Defendants Newell, Whitten, and the State of Arizona have filed a motion to dismiss the amended complaint. Dkt. #18. The Court will require Plaintiff to file a response to that motion by September 25, 2009.

Plaintiff is advised that if he fails to file the responses required by this order, the Court will consider summarily granting Defendants' motions. Plaintiff is further advised that if he fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. #14 at 4-5; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Defendant Thomas and Arpaio's motion for more definite statement (Dkt. #16) is **denied** as moot.
2. Plaintiff shall, by **September 25, 2009**, file a response to the motion to quash service (Dkt. #16) and a response to the motion to dismiss the amended complaint (Dkt. #18).

DATED this 4th day of September, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge