**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Jimenez,<br><br>Plaintiff,<br><br>vs.<br><br>Julie P. Newell; Christopher T. Whitten;<br>Andrew Thomas; Joseph M. Arpaio;<br>State of Arizona,<br><br>Defendants. | No. CV-09-998-PHX-DGC<br><br>**ORDER** |

Judge Julie P. Newell, Judge Christopher T. Whitten, and the State of Arizona ("the State Defendants") have filed a motion to dismiss with prejudice pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. Dkt. #18. Defendants Andrew Thomas and Joe Arpaio ("the County Defendants") have filed a motion to quash for insufficiency of service of process.[1] Dkt. #16. For the reasons that follow, the State Defendants' motion will be granted, the County Defendants' motion will be denied as moot, Plaintiff's remaining motions will be denied, and the case will be dismissed with prejudice.

**I.     Background.**

Plaintiff initiated these proceedings by filing a "Motion for Claim with Intent to Sue/Jury Trial," which the Court construed as a complaint. Dkt. #1. Plaintiff alleged that

---

[1] The County Defendants' motion also included a request for a more definite statement. Because that request was directed at Plaintiff's initial complaint, which was dismissed by the Court for failure to state a claim, the Court denied the request. Dkt. #19.

1 | "[o]n July 2, of 2008, I was falsely charged and arrested of aggravated assault against a 'peace officer' of the Law and was held against my will for 8 months in maximum security Jail for such allegations." *Id.* at 1. The Court dismissed the complaint for failure to state a claim and afforded Plaintiff an opportunity to file an amended complaint. Dkt. #14.

Plaintiff filed an amended complaint on August 11, 2009. Dkt. #17. The complaint appears to be based on the same allegations as his previous pleading. Plaintiff alleges that "Judges of the courts denied release resulting in Habeas Corpus/ unlawful withholding or detaining the accused against his will in a detention facility," and "the Judges . . . have violated the [c]onstitutional rights of the 'accused' to have a fair trial[.]" *Id.* at 3-4. As in his initial claim, Plaintiff seeks $60 million in damages. *Id.* at 7.

## II. Analysis.

### A. The State Defendants' Motion to Dismiss.

Plaintiff has sued Judges Julie P. Newell and Christopher T. Whitten of the Maricopa County Superior Court. Dkt. #17. As the State Defendants argue and Plaintiff does not dispute, judges are absolutely immune from liability for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiff makes broad allegations of judicial misconduct against Judges Newell and Whitten – claims that clearly relate to actions taken as judicial officers. The judges are absolutely immune from liability for these judicial actions, and Plaintiff can plead no set of facts which would overcome this bar to recovery.

Plaintiff's amended complaint also includes the word "State" in the list of defendants identified in the caption. The Court assumes from this word, and from the fact that Plaintiff sued the State of Arizona in his initial complaint (Dkt. #1), that Plaintiff intends to sue the State of Arizona in his amended complaint. The State Defendants do not address claims against the State in their motion, most likely because such claims are not clearly set forth in Plaintiff's amended complaint, but the Court must dismiss an *in forma pauperis* complaint if it determines that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

The Eleventh Amendment bars federal court suits against States by their own citizens. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,119 (1984) ("The Eleventh Amendment is an explicit limitation on the judicial power of the United States.") (citation omitted); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *In re Mitchell*, 209 F.3d 1111, 1115-16 (9th Cir. 2000) ("Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state"). Plaintiff has been advised of this immunity before. *See Jimenez v. State of Arizona*, No. CV-08-0892-NVW (D. Ariz., May 22, 2008). Because the State of Arizona has not consented to be sued and Congress has not abrogated the State's immunity in civil rights actions (which this appears to be), the claim against the State of Arizona will be dismissed. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996); *Edelman*, 415 U.S. at 673.

The Court can see no basis upon which Plaintiff can overcome the immunity accorded the State Defendants. The Court therefore will not grant Plaintiff leave to amend his claims against them.

**B.     Failure to State a Claim Against County Defendants.**

The County Defendants have not moved for dismissal on the substance of Plaintiff's amended complaint, but "section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Indeed, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

Plaintiff alleges that he has been subjected to various violations of his constitutional rights, including unlawful detention, cruel and unusual punishment, and a denial of due process. Dkt. #17. Plaintiff does not identify the source of his cause of action, but, read liberally, these claims for constitutional violations appear to arise under 42 U.S.C. § 1983.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1948 (2009).

Plaintiff sues Maricopa County Attorney Andrew Thomas and Maricopa County Sheriff Joe Arpaio, but does not identify any actions these Defendants took to violate his constitutional rights. The amended complaint makes only three references to Defendant Thomas. Each is general in nature, mentioning "the prosecution under Andrew Thomas" and "the County Attorneys [sic] office of Andrew Thomas." Dkt. #17 at 1, 3, 5. The amended complaint also mentioned Defendant Arpaio three times. The allegations are equally general, referring only to the "Sherriff's [sic] [o]ffice under Joe Arpaio" and to "the Sherriff's [sic] office of Joe Arpaio." Dkt. #17 at 5. Because Plaintiff makes absolutely no allegations concerning the individual actions of either Defendant, Plaintiff fails to state a claim under § 1983. *Iqbal*, 129 S. Ct. at 1948.

This is the second time Plaintiff has failed to allege any actions on the part of the County Defendants that could give rise to their personal liability for constitutional violations. In the Court's order dismissing Plaintiff's initial complaint, the Court advised Plaintiff that he must provide more information about their alleged liability:

> If Plaintiff chooses to file an amended complaint asserting constitutional violations by state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, *how each Defendant contributed to the violation*, and what injury was caused by each alleged constitutional violation.

Dkt. #14 at 5 (emphasis added). The Court specifically warned Plaintiff that his action could be dismissed with prejudice if he failed to comply. *Id.* at 5-6.

Plaintiff was provided the same information and warning by Judge Wake last year in a separate civil rights lawsuit:

> In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, *exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights*, and what specific injury Plaintiff suffered because of the other person's conduct.

*Jimenez v. State of Arizona*, No. CV-08-0892-NVW (D. Ariz., May 22, 2008) (emphasis added). Judge Wake dismissed Plaintiff's case when he failed to comply.

1  The Court further notes that Plaintiff is not an inexperienced litigant. In addition to
2 this case and the case before Judge Wake, Plaintiff has filed at least two other *pro se* civil
3 rights actions in this Court (No. CV 08-2041-PHX-NVW and No. 98-1945-PHX-EHC) and
4 appears to have filed other actions in state court (*see* No. CV 08-2041-PHX-NVW (JRI),
5 Dkt. #1, ¶1). At least some of these claims appear to arise out of the arrest and prosecution
6 at issue in this case. *See Jimenez v. Arpaio*, No. CV 08-2041-NVW-JRI (Dkt. #1).

The Court concludes that Plaintiff has had ample experience and opportunity to understand the need to set forth his constitutional claims with specificity. Having failed to do so twice in this case, and having been specifically warned of his obligations and the possibility of dismissal with prejudice if he did not comply, the Court concludes that leave to amend should not be granted.

### C. Motion for Civil Remedy.

Plaintiff's "Motion for Civil Remedy" begins with the following two sentences: "The plaintiff Marco Antonio Jimenez is invocing [sic] his [S]ixth [A]mendment right according [to] the U.S.C.[] Rule 42. The plaintiff requests counsel according to his [S]ixth [A]mendment rights." Dkt. #22 at 1. The Court will construe the motion as one for the appointment of counsel.

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988).

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that the difficulty he is experiencing in attempting to

litigate this case is due to the complexity of the issues involved. Although litigation is never an easy task, many *pro se* litigants are able to assert § 1983 claims effectively. Plaintiff's motion to appoint counsel will be denied.

### D. "Claim with Intent to Sue Jury Trial."

Plaintiff's "Claim with Intent to Sue Jury Trial" asks the Court to investigate the conduct of United States District Judge Neil V. Wake and United States Magistrate Judge Jay R. Irwin. Dkt. #23. The claim also asks the Court to grant "immediate research and relief of case numbers CV2:08-CV-00892, and VC2:08-CV-02041-NVW-JRI." *Id.* at 2.

Plaintiff has brought essentially the same "claim" in two other actions and it has been denied each time. *See Jimenez v. Wake, et al.,* No. CV 08-02041-PHX-NVW (JRI) (D. Ariz., October 8, 2009); *Jimenez v. State of Arizona*, No. CV-08-0892-NVW (D. Ariz., October 21, 2009). In addition, Judges Wake and Irwin are not defendants in this case, nor could they be given the doctrine of absolute judicial immunity discussed above.

### E. "Motion to Include All Parties Involved in Case No. CV-09998-PHX-DGC for Injunctive Relief and Damages; Civil Rights; Tort, Non-Motor Vehicle"

This motion, although confusing, appears to be a request for leave to amend under Rule 15 of the Federal Rules of Civil Procedure. If granted, this would be Plaintiff's third attempt to plead a claim in this case. The Court concludes, however, that this attempt is also deficient.

The motion appears to identify approximately 32 potential defendants, including Judges Wake and Irwin, the Arizona Department of Health Services, the Phoenix Police Department, attorney David Teel, and various doctors, police officers, commissioners, and pretrial service agencies. Plaintiff does not allege specific acts of wrongdoing on the part of the potential defendants. His motion begins by rearguing the merits of a "Rule 11" issue from a state court criminal case. Dkt. #24 at 2. The motion then alleges that "they" acted improperly in various ways, but never identifies "they." *Id.* at 3. The motion alleges that public defender David Teel (presumably Plaintiff's counsel in the state case) falsified documents and mishandled a "Rule 11" issue, but fails to identify any actionable federal

wrong or constitutional violation. *Id*. at 4.  The motion alleges that Magellan Health Services "is continuing to commit negligence and tort" by "not even trying to assist the plaintiff in restoring his rights to competency," but again fails to identify any actionable federal wrong or constitutional violation. *Id*.  Finally, the motion asserts that Plaintiff has filed a grievance against the "Arizona Department of Health Services, Division of Behavioral Health Authority, and Regional Behavioral Health Authority," but does not identify any actionable federal wrong or constitutional violation. *Id*. at 4-5.  To the contrary, Plaintiff asserts that "[t]here is no need for none of 'these' authorities to respond or comply now." *Id*. at 5.

As with Plaintiff's first two attempts, the Court concludes that this motion, if treated as a motion to amend, proposes a pleading that fails to state a claim upon which relief can be granted.  Plaintiff does not identify specific conduct that has resulted in constitutional violations actionable under 42 U.S.C. § 1983, nor does he identify any other cause of action that may be brought in federal court.  Having been warned repeatedly of the need to plead with specificity, and having failed to do so for a third time in this case – not to mention the other cases where his pleadings have failed on their faces – the Court concludes that further attempts to amend are not warranted.

**IT IS ORDERED:**

1. The State Defendants' motion to dismiss with prejudice (Dkt. #18) is **granted**.
2. The County Defendants' motion (Dkt. #20) is **denied as moot.**
3. Plaintiff's other motions (Dkt. ##22, 23, 24) are **denied**.
4. This action is dismissed with prejudice.  The Clerk shall terminate this action.

DATED this 2nd day of December, 2009.

David G. Campbell
United States District Judge